UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Mountain 1st Bank and Trust, | ) | |
| | ) | C/A No.: 7:11-cv-01433-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Barry Lynn Spencer, Daniel R. | ) | |
| Holtzman, David R. Williams, Jr., and | ) | |
| Richard K. Bennett, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court on Plaintiff's motion for default judgment as to Defendant Richard K. Bennett (ECF No. 16). For the following reasons, Plaintiff's motion is granted.

**Background**

On September 26, 2008, Plaintiff loaned $70,000.00 to Bennett. Under the terms of a commercial loan agreement and a promissory note Bennett executed, the balance of the loan was due October 1, 2010. According to the complaint, Bennett has failed to perform the agreement and repay Plaintiff the loan.

Bennett was served with a copy of the summons and complaint on June 16, 2011. He did not timely appear, reply, or otherwise respond to the complaint. On July 8, 2011, Plaintiff moved for entry of default and default judgment against Bennett. The Clerk entered default against Bennett on July 19, 2011. *See* Fed. R. Civ. P. 55(a). The Court denied the portion of Plaintiff's motion requesting entry of default judgment because Plaintiff had not satisfied the affidavit requirement of the

Service Members Civil Relief Act ("SCRA").  *See* 50 U.S.C. App. § 521(b)(1).

Plaintiff filed a renewed motion for default judgment against Bennett on August 4, 2011.

**Discussion**

Plaintiff requests default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1), which provides that

> [i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Here, Plaintiff requests that default judgment be entered against Bennett in the amount of $68,004.00.  Plaintiff has submitted an affidavit from its president, Vincent Rees, indicating that Bennett's indebtedness to Plaintiff consists of $65,883.00 in principal and interest and an additional $2,121.00 in costs and attorney's fees.

In addition to fulfilling the requirements of Rule 55, a party seeking default judgment must also satisfy the affidavit requirement of the SCRA.  Under the SCRA, a plaintiff seeking default judgment in any civil action must file an affidavit stating, with factual support, whether the defaulting defendant is in military service.  50 U.S.C. App. § 521(b)(1)(A).  Here, Plaintiff's counsel searched for Bennett in the Department of Defense Manpower Data Center's (DMDC) database.[1]  The DMCD

---

[1] The DMDC maintains information on the duty status of all individuals who have served in a branch of the uniformed services (Navy, Army, Marine Corps, Air Force, NOAA, Public Health, and Post Guard).

responded that it did not possess any information indicating whether Bennett is on active duty. In another affidavit, Rees states that based on oral and written communications with Bennett and the results of the DMDC search, Rees has concluded that Bennett is not in military service.

Based on Plaintiff's affidavits in support of its motion, the Court concludes that default judgment for a sum certain under Rule 55(b)(1) is warranted.

IT IS THEREFORE ORDERED that Plaintiff's motion for default judgment (ECF No. 16) be GRANTED. The Clerk of Court is directed to enter default judgment against Defendant Richard K. Bennett in the amount of sixty-eight thousand four dollars and no cents ($68,004.00).

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

August  15 , 2011
Anderson, South Carolina