UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Mountain 1st Bank and Trust, | ) | |
| | ) | C/A No.: 7:11-cv-01433-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| | ) | |
| Daniel R. Holtzman, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court upon Plaintiff Mountain 1st Bank and Trust's ("Plaintiff") Motion for Summary Judgment as to claims of breach of contract against Defendant Daniel R. Holtzman ("Defendant") and on all of Defendant's counterclaims against Plaintiff. Plaintiff has also filed a Motion to Compel and to Award Sanctions against Defendant for failing to appear for his deposition and respond to Plaintiff's outstanding discovery requests. For the reasons set forth below, this Court grants Plaintiff's Motion for Summary Judgment and denies Plaintiff's Motion to Compel and to Award Sanctions against Defendant as moot.

## Background

In September 2008, Defendant, in exchange for a two hundred thousand dollar loan from Plaintiff ("the Loan"), executed a Commercial Loan Agreement ("Loan Agreement") and Commercial Promissory Note ("the Note") in favor of Plaintiff (collectively, "the Loan Documents").[1]  *See* ECF No. 56. Defendant obtained the Loan in order to invest in certain subordinated notes offered by a third party, Community South Bank and Trust ("Community South"). *See* ECF No. 29.

The Note, which had an October 1, 2011 maturity date, provides that Defendant must repay the Note amount to Plaintiff by making "quarterly interest payments ranging from $3,250.00 to $4,044.44 beginning 01-15-2009 and 1 payment of $202,816.67 on 10-01-2011." ECF No. 56. Also, pursuant to the Note, Defendant agreed to pay Plaintiff interest on the Note's principal balance at the rate of six and a half percent (6.5%) per year until the Note matured. Furthermore, pursuant to the Loan Agreement, Defendant was required to pay: (1) late fees to Plaintiff, if any of his payments were "more than 15 days" late, and such late fees would consist of five percent (5%) of the late payment amount, and (2) Plaintiff's expenses related to "collection, enforcement, and protection" of its rights and remedies under the Note and Loan agreement. *Id.* The Loan Agreement also provides that Defendant will be in default under the Loan Documents if he "fails to make a payment in full when due," and that, in the event of default, the Note becomes "payable on" demand by Plaintiff. *Id.*

Subsequent to Defendant's investment and purchase of a subordinated note from Community South, the FDIC closed Community South. *Id.* Around the same time period, Defendant failed to make the necessary payments under the Note, triggering the Loan Documents' default provisions and rendering all of Defendant's obligations under the Loan Agreement and Note due immediately. *See id.* In December 2010, Plaintiff sent Defendant a letter requesting that he immediately pay all amounts owed under the Note to Plaintiff. *Id.* Defendant ignored this request has still not paid the requisite amounts to Plaintiff.

Consequently, on June 13, 2011, Plaintiff commenced this action against

---

[1] Defendant admitted to obtaining the Loan in his Answer. *See* ECF No. 29.

Defendant, seeking a judgment for breach of contract. *See* ECF No. 1. Defendant filed an Answer and Counterclaims against Plaintiff on August 23, 2011. *See* ECF No. 29. Defendant asserted counterclaims against Plaintiff for outrage, violation of the South Carolina Unfair Trade Practices Act, and fraud. *See id.* Defendant's counterclaims are based on Defendant's allegations that Plaintiff had a "relationship" with Community South and that Plaintiff failed to "disclose the true and accurate financial condition of Community South" to Defendant, which Defendant argues renders the loan transaction between Plaintiff and Defendant "a sham and fraudulent." *Id.*

Plaintiff properly noticed Defendant's deposition on four separate times: March 27, April 5, May 2, and May 10, 2012. *See* ECF No. 54. However, Defendant repeatedly delayed his deposition, and on May 10, 2012, Defendant failed to appear for his deposition. *Id.* Two days before the May 10, 2012 deposition, Defendant offered to settle the lawsuit by confessing judgment to the full amount he owes Plaintiff. Plaintiff accepted the offer on the condition that Defendant signed and sent Plaintiff a written confession of judgment. Defendant never sent a written confession and failed to appear for the May 10, 2012 deposition. On May 18, 2012, Defendant's attorney filed a Motion to Withdraw as Attorney, which this Court granted. *See* ECF Nos. 47 & 49.

Plaintiff filed a Motion to Compel and to Award Sanctions against Defendant on May 24, 2011, *see* ECF No. 54, and a Motion for Summary Judgment against Defendant on June 4, 2012, *see* ECF No. 56. Defendant did not file a response to either motion. Plaintiff contends that Defendant defaulted on his obligations under

the Loan Agreement, and consequently, requests this Court order Defendant pay Plaintiff the amount owed under the Loan Agreement and Note, plus interest, costs and attorney's fees.  To date, Defendant has failed to pay any amount due.

## Standard of Review

Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  To grant a motion for summary judgment, the court must find that "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The judge is not to weigh the evidence but rather must determine if there is any genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  All evidence should be viewed in the light most favorable to the nonmoving party.  *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990).  However, the "non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings."  *Rucker v. Greenville Cnty. Sheriff Dep't*, No. 10-01533, 2012 U.S. Dist. LEXIS 37685, at *6 (D.S.C. Mar. 20, 2012).  Moreover, "[t]he existence of a mere scintilla of evidence in support of the nonmoving party's position is insufficient to withstand the summary judgment motion[, and] conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion."  *Nat'l Specialty Ins. Co. v. Nat'l Union Fire Ins. Co.*, No. 10-826, 2012 U.S. Dist. LEXIS 69456, at *6–7 (D.S.C. May 18, 2012).  "[W]here the record taken as a whole could not lead a rational trier of fact to find for

the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991).  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## Discussion

*I.  Plaintiff's Breach of Contract Claim*

Plaintiff contends it is entitled to judgment as a matter of law on its breach of contract claim.  To recover under South Carolina law for a breach of contract claim, a plaintiff must establish the following: (1) a binding contract entered into by and between the parties; (2) breach or unjustifiable failure to perform the contract; and (3) damages suffered by the plaintiff as a result of the breach.  *Fuller v. E. Fire & Cas. Ins. Co.*, 124 S.E.2d 602, 610 (S.C. 1962).  The parties do not dispute the existence of the Loan Agreement and the Note executed between Plaintiff and Defendant. Defendant states in his Answer, "Defendant Holtzman admits to obtaining a loan . . . ."  ECF No. 29.  Additionally, there is no genuine issue of fact or evidence disputing that Defendant failed to make the requisite payments under the Note and, consequently, went into default under the Loan Documents.  Furthermore, there is no genuine issue of fact or evidence refuting that, despite the default rendering all of his obligations immediately due, Defendant, in breach of the Loan Documents, has not paid Plaintiff the amount due under the Loan Agreement and Note.  *See* Rees Aff. at

¶¶ 7–8, ECF No. 56 (attesting that Defendant has ignored Plaintiff's request that he immediately pay Plaintiff all amounts due under the Note).

Specifically, the Loan Agreement clearly and unambiguously states that Defendant will be in default under the Loan Documents if he "fails to make a payment in full when due." ECF No. 56. As a result, Defendant's failure to make the requisite payments unequivocally renders him in default under the Loan Documents. "The construction and enforcement of an unambiguous contract is a question of law for the court, and thus can be properly disposed of at summary judgment." *Harbour Town Yacht Club Boat Slip Owners' Ass'n v. Safe Berth Mgmt. Inc.*, 421 F. Supp. 2d 908, 910 (D.S.C. 2006). Since the Loan Agreement is clear and unambiguous, this Court can interpret the contract as a matter of law and grant summary judgment because there is no genuine issue of material fact. Defendant's counterclaims and allegations in his Answer are conclusory, unfounded, and are insufficient to defeat summary judgment. A party opposing summary judgment cannot create a genuine issue of material fact through mere speculation or unfounded allegations. *See Reaves v. Richardson*, No. 09-820, 2011 U.S. Dist. LEXIS 58832, at *16 (D.S.C. Mar. 1, 2011). Moreover, Defendant has failed to respond in any way to Plaintiff's Motion for Summary Judgment. Therefore, Defendant's unsupported allegations are insufficient to create a genuine issue of material fact or defeat Plaintiff's Motion for Summary Judgment against Defendant on its breach of contract claim.

Furthermore, there is no genuine issue of material fact regarding the amount of damages Plaintiff has suffered as a result of Defendant's breach. Plaintiff submitted an affidavit stating that Defendant owed Plaintiff a liquidated sum certain of

$239,134.34 based on Defendant's breach.  *See* ECF No. 56.  Plaintiff contends that this amount of damages consists of the following: (1) Current Principal Amount of $200,00.00; (2) Interest Amount of $24,411.11; (3) Late Charges of $10,799.86; and (4) Attorney's Fees of $3,923.37.  ECF No. 56-6.  Defendant has presented no evidence disputing this amount of damages other than generally denying that he owes Plaintiff any money.  This Court finds that Plaintiff is entitled to summary judgment against Defendant and damages; however, this Court declines to grant Plaintiff $10,799.86 for the Late Charges.  Thus, Plaintiff's Motion for Summary Judgment against Defendant for breach of contract is GRANTED and Plaintiff is awarded a sum certain of $228,334.48.

## II. *Defendant's Counterclaims Against Plaintiff*

Plaintiff also contends it is entitled to judgment as a matter of law on Defendant's counterclaims against it.  *See* ECF No. 56.  Defendant has failed to provide any evidence other than speculative, unfounded allegations to support his claims against Plaintiff for outrage, unfair trade practices, and fraud.  Defendant must submit evidence establishing all the elements of these causes of action to survive a motion for summary judgment.  "The existence of a mere scintilla of evidence in support of the nonmoving party's position is insufficient to withstand the summary judgment motion[, and] conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion."  *Nat'l Specialty Ins. Co. v. Nat'l Union Fire Ins. Co.*, No. 10-01533, 2012 U.S. Dist. LEXIS 69456, at *6–7 (D.S.C. May 18, 2012).  Defendant's conclusory unfounded allegations contained in his Answer, Counterclaim, and Response to Request to Admit are

insufficient to survive a motion for summary judgment. Thus, Plaintiff's Motion for Summary Judgment against Defendant's counterclaims is GRANTED and Defendant's counterclaims are dismissed.

## Conclusion

After hearing oral arguments on July 30, 2012 and a thorough review of the record, this Court finds that Plaintiff is entitled to summary judgment against Defendant for breach of contract, and for Defendant's counterclaims. This Court need not address Plaintiff's Motion to Compel and to Award Sanctions against Defendant at this time as these issues are moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment is GRANTED. Defendant is ordered to pay Plaintiff two hundred twenty-eight thousand three hundred thirty-four dollars and forty-eight cents ($228,334.48).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel and to Award Sanctions against Defendant is DISMISSED as moot.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July 31 , 2012
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate

Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.